## SMITH v. FRESNO CANAL AND IRRIGATION COMPANY.

### S. F. No. 2038; March 20, 1902.

#### 68 Pac. 490.

**Nuisance.—On an Issue Whether an Irrigation Ditch** which plaintiff had authorized defendant to construct on his land had been materially enlarged by defendant at a later date, and without authority, so as to entitle plaintiff to damages, and to a judgment abating it as a nuisance, where the evidence was conflicting the finding of the trial judge that the ditch had not been materially enlarged was conclusive on appeal.

APPEAL from Superior Court, Fresno County; E. W. Risley, Judge.

Action by Julia A. Fink Smith against the Fresno Canal and Irrigation Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Geo. E. Church for appellant; Frank H. Short for respondent.

CHIPMAN, C.—Plaintiff is the owner of certain land in Fresno county, and brought the action against defendant for damages, and to abate a nuisance; alleging that in 1896 it unlawfully and without right entered upon plaintiff's said premises, "and dug and excavated a large irrigating ditch along and across the whole north side thereof." Defendant answered that it constructed the ditch in 1891, with the consent and at the request of plaintiff. The cause was tried by the court without a jury, and it found that the ditch or canal was constructed in the year 1891, "with the consent and approval and at the instance and request of plaintiff"; that, as first constructed, the ditch was "about eight feet wide on the bottom, and from fifteen to twenty feet wide on the water surface, and on the top of the banks twelve or fifteen feet more, and that said ditch was completed, cleaned out, and somewhat widened and enlarged in the year 1892"; that plaintiff has not been damaged by the said work. Judgment passed for defendant, from which, and from the order denying her motion for a new trial, plaintiff appeals.

The evidence is undisputed that defendant constructed the ditch over plaintiff's lands in 1891 with plaintiff's consent and approval, and at her request; and there is evidence that it was completed in 1892 substantially as it now is, and as it was originally designed. The work that was done on the ditch at this early date was known to plaintiff, and we do not understand that the controversy arises as to what was then done. The principal point of contention of plaintiff is that the evidence shows that the ditch was greatly enlarged in 1895 or 1896, and the complaint alleges that it was done in 1896. The case illustrates what is very commonly found to occur in the elucidation of facts in legal controversies, namely, that witnesses disagree diametrically as to obvious physical facts, and as to when they occurred. Plaintiff's evidence tended to show that defendant had materially and substantially enlarged its ditch as late as 1895 or 1896; that when first built, and water was running through it, a man could easily step across it, whereas at the surface of the water now, when partly filled, the ditch is twenty-two feet wide. There was evidence equally pointed that the enlargement of the ditch took place about the time alleged, i. e., as late as 1895 or 1896. On the other hand, defendant was able to show that the ditch has not been materially enlarged since 1892; that defendant did, since that time, clean out the grasses that obstructed the flow of water, and did take out some parts of the bottom to give a more uniform flow and grade to the ditch, but that there had been no material change in the size of the ditch or in its construction, except as last above stated, since 1892. It was the exclusive function of the trial judge to discover where the truth was to be found in this maze of contradictory and conflicting evidence, and, having exercised this prerogative in favor of defendant, the rule precludes this court from interfering with the decision. It may be conceded that a license to do a particular thing cannot by the licensee alone be changed into a license to do something else, nor can the burden upon the servient estate be by him alone increased. The difficulty here is that the facts as found by the court present no occasion to apply the principle.

Plaintiff insists that the decision was wrong, and not justified from the findings of fact, because, as is claimed, plaintiff was entitled to some damage, if not the amount claimed.

Plaintiff was in no wise concerned as to the quantity of water the ditch carried. There was evidence from which the court might have concluded that the clearing out of the ditch in 1895, or 1896, and removing some of the obstructions from the bottom so as to give a freer flow of the water, were things which defendant might do as incidental to the license to construct the ditch. It was claimed that the land was damaged by the water of the ditch subirrigating the soil, and causing alkali to rise to the surface. The evidence was conflicting upon this, as upon the principal issue in the case.

It is advised that the judgment and order be affirmed.

We concur: Haynes, C.; Gray, C.,

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.